IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Dr. Adnan Haider )<br>13309 Dauphine Street )<br>Silver Spring, MD 20906-5209 )<br> )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>AvalonBay Communities, Inc. )<br>300 E. Lombard Street )<br>Baltimore, MD 21202 )<br> )<br>and )<br> )<br>Fair Collections & Outsourcing, Inc. )<br>6931 Arlington Road, Suite 400 )<br>Bethesda, MD 20814. )<br> )<br>  Defendants. ) | C.A. No. _____ |

## COMPLAINT

Plaintiff, Dr. Adnan Haider, by and through counsel, for their complaint against Defendants AvalonBay Communities, Inc. and Fair Collections & Outsourcing, Inc., hereby alleges as follows:

### THE PARTIES

1. Plaintiff Dr. Adnan Haider is an adult individual residing at 13309 Dauphine Street, Silver Spring, MD 20906.

2. On information and belief, Defendant AvalonBay Communities, Inc. ("AvalonBay"), is a Maryland corporation with its principal place of business at 300 E. Lombard Street, Baltimore, MD 21202.

3. On information and belief, Defendant Fair Collections & Outsourcing, Inc. ("Fair Collections"), is a Maryland corporation with its principal place of business at Suite 400, 6931 Arlington Road, Bethesda, MD 20814.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. 1681p.

5. This Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

7. In early December 2005, Plaintiff was looking for a house in which his wife could operate a day care center. The building would serve as a replacement for the one in which Plaintiff's wife was currently operating a day care center.

8. After a time consuming search, Plaintiff located a building at 15215 New Hampshire Ave., Silver Spring, MD 20905. The new building would have allowed Plaintiff and his wife to expand the day care center.

9. The asking price was $650,000. After negotiations, Plaintiff and the owner agreed on a sales price of $600,000.

10. Plaintiff then applied for a mortgage with PNC bank in order to buy the building.

11. In January 2005, Plaintiff was informed that his application had been denied because of a problem with his credit report.

12. After further investigation, Plaintiff learned that his credit report showed that he supposedly owed the amount of $488.00 dating back to May 2002 relating to a rental of an apartment in the Avalon Knoll apartment complex managed by AvalonBay.

13. Plaintiff then contacted AvalonBay, which informed Plaintiff that it did not have any information about the alleged debt and suggested that Plaintiff contact Fair Collections.

14. Plaintiff contacted Fair Collections asking it to investigate the debt.. On January 27, 2006, Fair Collections provided information allegedly supporting the debt.

15. The reported debt is false. Plaintiff never rented or guaranteed the rental of an apartment in the Avalon Knoll apartment complex or had any other connection with the apartment complex. The information AvalonBay provided to Fair Collection on its face shows that the alleged debt, which is for the final water bill, is to be paid by the owner of the apartment, not the tenant.

16. On January 30, 2006, Plaintiff wrote Fair Collections, demanding that it remove the bad debt from his credit report or else Plaintiff would file suit.

17. Fair Collections did not remove the bad debt from Plaintiff's credit report.

18. On February 21, 2006, Plaintiff filed suit against AvalonBay and Fair Collections in the Circuit Court of Maryland for Montgomery County, Case No. 26913-V. Plaintiff intends to dismiss this lawsuit without prejudice.

19. Despite Plaintiff's demand during this lawsuit, Fair Collections still has not removed provided corrected information to the relevant credit report agencies.

20. In February, 2006, Plaintiff raised the $600,000 sales price to purchase the building. By that time, however, the owner decided that he did not want to sell the building.

21. Defendants' acts and omissions prevented Plaintiff from purchasing the building, which on information and belief is worth substantially in excess of $600,000.

22. Defendants' acts and omissions prevented Plaintiff from generating the additional profit that would have been generated by the expansion of the day care center.

23. Defendants' acts and omissions have prevented Plaintiff from refinancing his house at the rate of 6.00%. Instead, in June 2006, Plaintiff was forced to obtain a home equity loan, which did not require a credit report, in the amount of $150,000, at 8.00%. Defendants' acts and omissions therefore have caused Plaintiff to pay an additional $250.00 per year interest starting in June 2006. This additional cost is continuing.

24. Plaintiff has suffered humiliation and embarrassment as a result of the negative credit report resulting from Defendants' acts and omissions.

## COUNT ONE
### (Federal Credit Reporting Act)

25. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 24 as set forth herein.

26. Fair Collections did not perform a reasonable investigation in response to Plaintiff's request and failed to provide corrected information about the alleged debt to the applicable credit reporting agencies, in violation of 15. U.S.C. 1681s-2.

27. As a proximate result of Fair Collections' acts and omissions, Plaintiff has suffered pecuniary damages and humiliation and embarrassment.

## COUNT TWO
### (Maryland Debt Collection Procedures Act)

28. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 24 as set forth herein.

29. AvalonBay disclosed to Fair Collections, a collection agency, that Plaintiff had not paid an outstanding debt, with knowledge that the information is false, as part of an attempt to collect this debt, in violation of MD Code, § 14-202

30. As a proximate result of AvalonBay's acts and omissions, Plaintiff has suffered pecuniary damages and humiliation and embarrassment.

## COUNT THREE
### (Negligence)

31. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 24 as set forth herein.

32. AvalonBay negligently disclosed information about Plaintiff's alleged debt despite knowledge that such information was false.

33. As a proximate result of AvalonBay's acts and omissions, Plaintiff has suffered pecuniary damages and humiliation and embarrassment.

## COUNT FOUR
### (Defamation)

34. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 24 as set forth herein.

35. AvalonBay defamed Plaintiff by maliciously publishing derogatory information that Plaintiff had an outstanding debt to AvalonBay.

36. AvalonBay knew or reasonably should have known that such derogatory information would be reported to credit reporting agencies.

37. This information was false.

38. AvalonBay knew such information was false.

39. As a proximate result of AvalonBay's acts and omissions, Plaintiff has suffered pecuniary damages and humiliation and embarrassment.

WHEREFORE, Plaintiff respectfully requests that judgment be entered for the following relief:

A. Compensatory damages for pecuniary loss, emotional distress and humiliation, in an amount to be determined at trial.

B. Punitive damages against AvalonBay in an amount to be determined at trial.

C. Reasonable attorney's fees, expenses, and costs.

D. Any other just and equitable relief the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all issues triable of right by a jury.

Dated: July 20, 2006                     Respectfully submitted,

_____
Michael H. Selter (Federal Bar No. 014316)
MANELLI DENISON & SELTER PLLC
2000 M Street, N.W., Suite 700
Washington, D.C.  20036
(202) 261.1000 (tel.)
(202) 887.0336 (fax)

Attorneys for Plaintiffs
Adnan Haider and Mhmood Haider